693 F.2d 524
 7 Ed. Law Rep. 769
 Robert HORTON, As Next Friend of Robby Horton, Heather
Horton and Sandra Sanchez, On Their Own Behalf and
On Behalf of All Others Similarly
Situated, Plaintiffs-Appellants,
v.
GOOSE CREEK INDEPENDENT SCHOOL DISTRICT, Defendant-Appellee.
 No. 81-2215.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 14, 1982.
 
 Arthur Val Perkins, Stefan Presser, Houston, Tex., for plaintiffs-appellants.
 Richard A. Peebles, Baytown, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 ON SUGGESTION FOR REHEARING EN BANC
 (Opinion November 1, 1982, 5 Cir., 1982, 690 F.2d 470)
 Before WISDOM, RANDALL and TATE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the suggestion for rehearing en banc is DENIED.
 
 
 2
 In its suggestion for rehearing en banc, the defendant complains that we have established a standard of reliability to be met by the drug-detecting dogs which is "clearly unattainable." The defendant contends that we "would require that a dog somehow be trained to alert only when it is reasonably certain that drugs are on the student's person, although the drugs are not visible and can be detected only by aroma."[1]
 
 
 3
 The defendant has misconstrued our opinion. We did not say that the defendant must establish that there is a reasonable certainty that contraband is present in the lockers or cars or even that there is probable cause to believe that contraband will be found. Instead, we remanded the case to the district court for an evaluation of the reliability of the dogs so that the trial court might determine whether a dog's alert in fact gives rise to a reasonable suspicion that contraband is currently present.
 
 
 4
 This is the kind of determination that can be made on the basis of evidence concerning the dogs' performance, and perhaps by other methods. If a dog alerts a hundred times and there is no contraband on ninety of those occasions, then an alert conceivably might not arouse a reasonable suspicion. On the other hand, if a dog occasionally alerts because contraband was formerly, although no longer, present, we cannot say in the absence of a fully developed record that the defendant has not met the test. The number of times that a dog alerts when contraband is no longer present, as well as the number of times when it alerts on a perfectly harmless substance, are all factors that go into the determination of reliability. It would be inappropriate at this point for us to say precisely what is necessary to create a reasonable suspicion justifying a search in the absence of a record on this subject or findings by the district court concerning the dogs' reliability.
 
 
 
 [1]
 The defendant mentions "persons" but refers to 690 F.2d at 482 which deals with the further searches of the cars and the lockers. Since we held that the dogs could not sniff the children absent some form of individualized suspicion, we did not reach the question of when a further search would be justified after a dog had alerted on a person